## S. B. BUNTING ET AL. v. C. A. LUTZ ET AL.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS NO. 3 OF PHILADELPHIA COUNTY.

Argued January 21, 1890—Decided February 3, 1890.

(a) The plaintiffs, in an ejectment brought in 1888, proved an admission at Bar that they need not show title anterior to a deed dated in 1853 " for the purpose of making a partition as provided in said deed," and followed by a regular succession of conveyances from the grantee in said deed to themselves:

Statement of Facts.

1. In such case, it was not error to refuse to instruct " that the plaintiffs, having shown only a paper title in this case, without possession in them, or any one under whom they claim, are not entitled to recover in this action, and the verdict must be for the defendants."

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 148 July Term 1889, Sup. Ct.; court below, No. 193 March Term 1888, C. P. No. 3.

On February 16, 1888, Samuel B. Bunting and others, executors of Henry B. Bunting, deceased, brought ejectment against Charles A. Lutz and others, to recover a lot of ground on the west side of Eleventh street, sixteen feet by thirty-eight feet. Issue.

At the trial on April 10, 1889, the plaintiffs put in evidence the following agreement signed by the defendants' attorneys:

" It is agreed that the plaintiffs in this case need not show title anterior to the deed of May 2, 1853, by William D. Lentz and others, heirs of David Lentz, to Jacob S. Lentz, for the purpose of making a partition as provided in said deed."

The plaintiffs then showed title to the lot in dispute by duly recorded conveyance from William D. Lentz and others, heirs of David Lentz, to Jacob S. Lentz, dated May 2, 1853, and thence by other duly recorded conveyances to Henry B. Bunting, with the will of Henry B. Bunting dated June 22, 1887, duly admitted to probate, devising his residuary estate to the plaintiffs, his executors, under certain trusts. The plaintiffs then rested, and the case was closed on the testimony.*

The court was asked to charge the jury on behalf of defendants:

1. That the plaintiffs having shown only a paper title in this case, without possession in them, or any one under whom they claim, are not entitled to recover in this action, and the verdict must be for defendants.

2. That under all the evidence in this case, the verdict of the jury must be for the defendants.

---

*Quite a number of facts, stated in the paper-books, do not appear to have been deemed of importance, on the trial, as they did not get upon the record as presented by the formal bill of exceptions.

Opinion of the Court.

The court, REED, J., refused the foregoing points and instructed the jury to find a verdict pro forma for the plaintiffs, reserving for the court in banc the question whether or not the plaintiffs were entitled to recover on the case presented. Subsequently, after argument before the court in banc, the motion of defendants for judgment non obstante veredicto was refused, and judgment having been entered, the defendants took this appeal, assigning for error the refusal of defendants' points and of defendants' motion for judgment non obstante veredicto.

*Mr. Wm. W. Wiltbank* (with him *Mr. A. D. Wiler*), for the appellants.

Counsel cited: Cole on Ejectment, 213, 298; Adams on Ejectment, 324–329; Jones v. Bland, 112 Pa. 176; s. c. 116 Pa. 190; contending: (*a*) That where a mere paper title is shown running back more than thirty years, a claimant cannot recover against parties in actual possession; in this case, a paper title only was shown, from January 6, 1840, more than forty-eight years old, and no possession whatever in any one in the line of title was pretended. (*b*) That where title to land is claimed through a dead man, by reason of his intestacy, or under his will, possession in him must be shown. (*c*) That where title to land is claimed through the deed of an assignee in bankruptcy the deed merely assures the interest of the bankrupt, and is not evidence of possession in him; wherefore, possession in him must be shown. (*d*) That where executors claim, under a general residuary clause of the will of their testator, which does not mention the land in question, they must show possession in him.

*Mr. Pierce Archer* (with him *Mr. R. H. Hinckley*), for the appellees.

Counsel cited: Lair v. Hunsicker, 28 Pa. 124; Riddle v. Murphy, 7 S. & R. 234; Clark v. Trindle, 52 Pa. 497; Jones v. Bland, 116 Pa. 194; Turner v. Reynolds, 23 Pa. 205; Patton v. Goldsborough, 9 S. & R. 56; Yost v. Brown, 126 Pa. 92.

PER CURIAM:

The defendants offered no evidence upon the trial below

which gives color to the allegation that they are mere squatters without even the color of title. They appear to have relied upon the insufficiency of the plaintiffs' title. Their main contention is embodied in the first specification of error, where it is said the learned court below erred in not charging the jury, as requested by their counsel, " that the plaintiffs, having shown only a paper title in this case, without possession in them, or any one under whom they claim, are not entitled to recover in this action, and their verdict must be for the defendants." But it was agreed in writing upon the trial below, that in 1853 the heirs of David Lentz, deceased, were the owners of this land and were seised thereof for the purposes of partition. Thus we have the title at that time in Jacob S. Lentz, the plaintiffs' grantor, and a regular succession of conveyances from the owner to the plaintiffs below. The case does not require elaboration.

Judgment affirmed.

